**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL PAUL MCDANIEL,

        Petitioner,

v.

NEW JERSEY STATE
PAROLE BOARD,

        Respondent.

Civil Action No. 10-2899 (MLC)

**O P I N I O N**

**MICHAEL PAUL MCDANIEL** petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The Court lacks jurisdiction over the Petition, since McDaniel is not in custody pursuant to the order he is challenging. Alternatively, the Petition is subject to dismissal as unexhausted. This Court, therefore, will dismiss the Petition and deny a certificate of appealability.[1]

---

[1] For the purposes of the statute of limitations inquiry, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court," Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)), being subject to the same mailbox rule that applies to civil complaints. See Houston, 487 U.S. 266; McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996). But the issue of the limitations period aside,

> [a]n application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. [Moreover, an] application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe . . . the form of the document, . . . the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote

**MCDANIEL'S ATTACHMENT** to the Petition, see dkt. entry no. 2, replicates his submission made in New Jersey v. McDaniel, Civil Action No. 10-5372 (MLC), where he seeks removal of his state criminal prosecution. Compare dkt. entry no. 2 to New Jersey v. McDaniel, Civil Action No. 10-5372 (MLC), dkt. entry no. 1. McDaniel's Notice of Removal indicates that his criminal prosecution is based on charges that were filed by his wife after McDaniel had attacked her in early 2010, in violation of a standing order of protection. See New Jersey v. McDaniel, Civil Action No. 10-5372 (MLC), dkt. entry no. 1-1. The Notice of Removal also establishes that McDaniel was not incarcerated from at least April 2010 until September 2010. See id.; see also New Jersey v. McDaniel, Civil Action No. 10-5372 (MLC), dkt. entry no. 1, at 3; McDaniel v. Attorney General, Civil Action No. 10-5443 (MLC), dkt. entry no. 1, at 3 (indicating McDaniel's sentence expired in December 2009).

---

omitted). Section 1914 provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 except that on application for a writ of habeas corpus the filing fee shall be $5." 42 U.S.C. § 1914(a). Specifically, in a habeas matter, a prisoner must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount on deposit in the petitioner's prison account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See Local Civil Rule 81.2(b).

**THE PETITION** here was executed in June 2010, and it names New Jersey State Parole Board as Respondent, even though McDaniel was not in custody during June 2010 pursuant to any unfavorable Parole Board determination or otherwise. Consequently, the Petition is subject to dismissal for failure to meet the in-custody requirement.[2]

**ALTERNATIVELY**, in light of McDaniel's assertions that he is challenging his current confinement ensuing from the prosecution of charges pending before New Jersey Superior Court, Law Division, Monmouth County, the Court may construe the Petition as a Section 2241 application. However, such construction would not qualify McDaniel for habeas relief.

**FEDERAL COURTS** have jurisdiction, under 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding. See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975). Addressing whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

---

[2] The "statutory language . . . requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see Spencer v. Kemna, 523 U.S. 1, 7 (1998) (custody requirement is satisfied where petitioner is incarcerated at time petition was filed). The "in custody" requirement is met where the state has imposed "significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally." Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 508 (1982) (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963)).

 (1) federal courts have "pre-trial" habeas corpus jurisdiction;

 (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present . . . ;

 (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Id. at 443.

**MCDANIEL** admits that his criminal prosecution is still pending. Thus, his claims could not have not been exhausted in all levels of state court. Moreover, he does not allege any "extraordinary circumstances" that would justify intervention by a federal court. See Moore, 515 F.2d at 445-46 (generic challenges to state trial cannot qualify as per se "extraordinary circumstance"). As the Court of Appeals explained,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of Montana,

626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); accord Younger v. Harris, 401 U.S. 37 (1971).

**THE PETITION** will be dismissed for failure to meet the in-custody requirement as to McDaniel's challenges to past decisions rendered by the Parole Board. Insofar as McDaniel was intending to state challenges to his potentially upcoming criminal conviction, his claims will be dismissed without prejudice to raise them in a duly exhausted § 2254 application. No certificate of appealability will issue.[3]

---

[3] Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that there is no jurisdiction under § 2254 for claims raised in violation of the in-custody requirement or for pretrial claims, and that McDaniel has not alleged facts demonstrating "extraordinary circumstances" that would justify pretrial intervention in his pending state criminal matters. Accordingly, no certificate of appealability will issue.

**THE COURT** will issue an appropriate Order and Judgment.

                                                                               s/ Mary L. Cooper
                                                                          **MARY L. COOPER**
                                                                          United States District Judge

Dated:     November 23, 2010